Mark Ledale PHILLIPS *v.* STATE of Arkansas

CR 96-1042                                    936 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered January 13, 1997

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The appellant, Mark Ledale Phillips, was convicted of rape and sentenced to forty years' imprisonment. His sole argument for reversal is that the trial court erred in denying his motion to suppress identification testimony offered by the victim and three other State's witnesses. We affirm.

At the close of the school day on March 15, 1995, the ten-year-old victim was walking from Forest Park Elementary in Little Rock to Forest Heights Junior High, where her mother worked as a teacher. As she was walking down Evergreen Street, she noticed that a black man wearing a black leather jacket, gloves, and jeans was behind some bushes. Thinking that the man was trimming the bushes, the victim continued walking toward her mother's school. Just as she was passing some trash dumpsters behind the cafeteria of the junior high, the man grabbed her, placed his hand over her mouth, dragged her behind the dumpsters, and threw her down on the ground. Warning her to stay quiet, the man pulled her pants and panties down to her ankles, then pulled his own pants down to his ankles. The victim could see the man's penis, which he placed inside her. The man had "touched inside her"

for approximately three minutes before a janitor came out of the school building to throw something away in the dumpster, causing the man to get up and run away. After the man left, the victim pulled her clothes on and went inside the school to find her mother.

The victim reported the rape later that evening, and a police investigation ensued. Three witnesses came forward with helpful information. Norman Stanley was a City of Little Rock employee who was cleaning a ditch on "P" Street near the elementary school on March 15. At approximately 2:45 p.m., he saw a man dressed in a black shirt and black pants following a girl. Troy Green, a coach at Forest Heights Junior High, was walking to his car on the afternoon in question when he noticed a young man jump over a closed gate and hit the ground. Green asked the man, "Is there something wrong?" The man replied, "I'm going home," then took off running.

At approximately 2:55 p.m. on March 15, Little Rock Narcotics Officer Ralph Breshears was driving northbound on University Avenue in between "H" Street and Evergreen Street when he noticed a black male dressed in a very thick black leather coat walking quickly up the street. Breshears thought it unusual that someone would be wearing a heavy coat on such a warm day. He also noticed the man's unusual mannerisms, as he appeared to be in a hurry and was making very rapid head movements as if he was looking for something or someone.

On March 16, 1995, the day after the incident, Detective Delores Hanna Middleton of the Little Rock Police Department conducted a photographic lineup consisting of six pictures. The appellant's picture was not included in this array. The victim picked two of the persons as "look-alikes" of the man who raped her. On March 17, 1995, the police received an anonymous tip that resulted in appellant becoming a suspect. Later on March 17, the victim viewed a second photographic lineup that included appellant's picture. According to Detective Middleton, the victim pointed to Phillips's picture and stated, "That's him. I am a hundred percent sure." This lineup was separately shown to Norman

Stanley, Troy Green, and Ralph Breshears. All three witnesses identified appellant as the man they had seen on March 15.

Based on these identifications, appellant was charged with rape. Prior to appellant's trial, he moved to have the pretrial identifications as well as any subsequent in-court identifications suppressed on the ground that the lineup was unduly suggestive. Following a hearing, the trial court denied the motion. At appellant's bench trial, the victim, along with Mr. Stanley, Mr. Green, and Detective Breshears positively identified appellant. Mr. Stanley also identified the victim as the girl whom appellant had followed. The trial court found appellant guilty as charged, and, following a subsequent hearing, sentenced him to forty years' imprisonment.

We will not reverse a trial court's ruling on the admissibility of an in-court identification unless the ruling is clearly erroneous under the totality of the circumstances. *Wooten v. State*, 325 Ark. 510, 931 S.W.2d 408 (1996); *Prowell v. State*, 324 Ark. 335, 921 S.W.2d 585 (1996). In determining whether an in-court identification is admissible, we look first at whether the pretrial identification procedure was unnecessarily suggestive or otherwise constitutionally suspect; it is the appellant's burden to show that the pretrial identification procedure was suspect. *Id.* A pretrial identification violates the Due Process Clause when there are suggestive elements in the identification procedure that make it all but inevitable that the victim will identify one person as the culprit. *Id.*

Appellant contends that the photographic lineup was unduly suggestive because he was the only person wearing an extremely dark shirt in the photo spread. While appellant was photographed wearing a purple shirt, he claims that his shirt was so dark purple that it appeared to be black. In denying appellant's motion, the trial court observed that the photo spreads were "extremely well put together." In viewing the pictures from this array, we cannot say that the lineup was unduly suggestive, nor can we conclude that the trial court's ruling was clearly erroneous. First, even if we were to agree that appellant's shirt appeared black rather than purple, we have held that a lineup is not per se uncon-

stitutionally suggestive merely because only one person was wearing a piece of clothing similar to that worn by the offender. *Bishop v. State*, 310 Ark. 479, 839 S.W.2d 6 (1992); *Hogan v. State*, 281 Ark. 250, 663 S.W.2d 726 (1984). Indeed, an accused is not entitled to have a lineup in which all the participants are identical. *Wooten, supra*; *Perry v. State*, 277 Ark. 357, 642 S.W.2d 865 (1982). In any event, all six men in the lineup were similar in appearance and had comparable facial features. Even more significantly, there is nothing in the lineup that would direct a witness toward appellant as the primary suspect. *See Wooten, supra*; *King v. State*, 323 Ark. 558, 916 S.W.2d 725 (1996). Finally, there has been no contention that Detective Middleton sought to influence the identifications by the methods she used in presenting the photographs. *See King, supra.*

Appellant also argues that the identifications were unreliable. As we do not determine reliability unless there is a very substantial likelihood of irreparable misidentification, we need not address this issue because we hold that the lineup was not unduly suggestive. *Id.* For the foregoing reasons, we hold that the trial court's denial of appellant's motion to suppress the identification testimony was not clearly erroneous.

Affirmed.